No. 100

### COHEN v. GOLDBERGER
### CRAMER v. KRAMER & BETTMAN

Supreme Court of Ohio

No. 17707. Filed 1922; decided Dec. 4, 1922

114. ATTORNEY AND CLIENT—Attorneys have a lien on a judgment obtained by their skill even when the judgment really belongs to a partnership of which plaintiff was only a member.

For complete, official syllabus, see 1 Abs. 861

MATTHIAS, J.

### Epitomized Opinion
First Publication of this Opinion

# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

A judgment obtained by Cohen against Goldberger was affirmed by the Court of Appeals and again by the Cupreme Court. Before the judgment was paid Kramer & Bettman and others, attorneys for Cohen, filed an intervening petition in the Court of Appeals praying that they be allowed an attorneys' lien on the judgment by virtue of a contract with Cohen that they should receive as fees one-half of the amount recovered. Cramer, a creditor of the partnership of Goldberger & Cohen, had previously filed an intervening petition contending that the judgment was partnership assets rather than the property of Cohen. Judgment for Kramer & Bettman and others on their intervening petition was rendered by the Court of Appeals. Cramer brings error. Held:

Even if the judgment is the property of the partnership and not of Cohen it was obtained by the skill and labor of these attorneys, Kramer & Bettman and others, and as a result they have a lien on the judgment, and the partnership, if entitled to the judgment, must take it incumbered by their legitimate charge. Judgment of Court of Appeals affirmed.

Attorneys—Julius R. Samuels and S. A. Headley, for Cramer; Cobb, Howard & Bailey and Kramer & Bettman (all of Cincinnati), for Kramer & Bettman and others.